UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BITAVIA CLEVELAND, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.  23-01703 (UNA) |
| SHAWNEE COUNTY COURTHOUSE, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint and application for leave to proceed *in forma pauperis*.  The Court will grant the application and dismiss the complaint for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject-matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  The subject-matter jurisdiction of the federal district courts is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).

Plaintiff, a District of Columbia resident, has sued a county court in Topeka, Kansas. The cryptically worded Complaint, ECF No. 1, neither presents a federal question nor demands any relief. To the extent that Plaintiff seeks review of the referenced "Court Case," *id*. at 1, this district court lacks jurisdiction. *See Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) ("The *Rooker-Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court.") (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)). Therefore, this case will be dismissed by separate order.

Date: July 11, 2023

TREVOR N. McFADDEN
United States District Judge